Filed 4/2/21  P. v. Asbury  CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B307139 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA 052970) |
| v. | |
| DIANE C. ASBURY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David E. Hizami, Judge.  Affirmed.

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is our third opinion in this case. In the first opinion (*People v. Asbury* (2016) 4 Cal.App.5th 1222 (*Asbury I*)), we reversed defendant and appellant Diane C. Asbury's conviction for second degree murder and remanded the case to the trial court, giving the prosecution the option either to retry Asbury for murder or to accept a modification of the judgment to reflect a conviction for voluntary manslaughter. (*Id.* at p. 1232.) The prosecution chose the latter option, and the trial court resentenced Asbury to 21 years in prison. The court selected the high term of 11 years for voluntary manslaughter (see Pen. Code,[1] § 193, subd. (a)), plus a 10-year enhancement pursuant to section 12022.5, subdivision (a) for personal use of a firearm in the offense.

Asbury appealed, and we affirmed the trial court's exercise of discretion in selecting the upper term for manslaughter. (See *People v. Asbury* (Oct. 24, 2018, B284220) [nonpub. opn.] (*Asbury II*).) We remanded the case to the trial court once again, however, in light of the enactment of Senate Bill No. 620 (2017-2018 Reg. Sess.), which gives trial courts discretion to strike firearm enhancements for purposes of sentencing.

On remand, the trial court granted Asbury's motion to strike the enhancement, and resentenced Asbury to the upper term of 11 years for manslaughter.

Asbury filed a timely notice of appeal, and we appointed counsel to represent her in the matter. After examining the record, counsel filed a *Wende*[2] brief raising no issues on appeal

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

and requesting that we independently review the record. On January 12, 2021, we sent a letter to Asbury and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Asbury and informed her that she had 30 days to submit by letter or brief any ground of appeal, contention or argument she wished us to consider.[3] We have received no communication from Asbury.

We have reviewed the entire record on appeal, and we conclude that the trial court did not abuse its discretion by striking the firearm enhancement and reimposing the upper term of 11 years for manslaughter. We are satisfied that Asbury's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

---

[3] The letter was returned to the court undeliverable because Asbury was no longer located at the prison to which we addressed the letter. We contacted Asbury's appointed counsel, who confirmed that Asbury had received a copy of the *Wende* brief and the record on appeal. Asbury's counsel also informed her of her right to file a supplemental brief.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, P. J.

We concur:



        BENDIX, J.



        FEDERMAN, J.*

---

    * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


4